**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RYAN J. KAMINSKI,<br>*Plaintiff*,<br><br>v.<br><br>GERALD A. VALLETTA, et al.,<br>*Defendants.* | No. 3:24-cv-1413 (OAW) |

# INITIAL REVIEW ORDER

Self-represented plaintiff, Ryan Kaminski, a sentenced inmate formerly housed at the New Haven Correctional Center ("NHCC")[1] has filed a complaint under 42 U.S.C. § 1983 against the "Commissioner of Correction of CT" ("Commissioner") and NHCC Warden (whom Plaintiff names as a John/Jane Does); Doctors Gerald Valletta and Syed A. Zaidi; and Nurse Moses Aderibole. ECF No. 25. He brings claims for deliberate indifference to serious medical needs and seeks damages.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion thereof, which is frivolous or malicious, which fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune therefrom. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

[1] The Department of Correction ("DOC") website seems to suggest that Plaintiff was discharged on parole to a halfway house. *See* DOC: Inmate Information, available at https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=322347 (last visited Oct. 16, 2026). The court may take judicial notice of this website. *See*, *e.g.*, *Taveras v. Semple*, No. 3:15-cv-531 (SALM), 2023 WL 112848, at *1 n.1 (D. Conn. Jan. 5, 2023) (taking judicial notice of Connecticut DOC inmate locator).

Accordingly, the court has thoroughly reviewed all factual allegations in the complaint and has conducted an initial review of the allegations therein under 28 U.S.C. § 1915A. The court's conclusions are as follows.

## I. FACTUAL BACKGROUND

The court summarizes only the basic factual allegations in Plaintiff's amended complaint necessary for context to the ruling below.

Plaintiff has a documented history of seizures, and of taking medications and seeking treatment therefor. ECF No. 25 ¶¶ 3, 17. During regular maintenance check-ins and chart evaluations, he repeatedly requested a mandatory "bottom bunk" or "bottom tier" pass so that he could sleep on the bottom bunk of the bunk bed in the NHCC unit in which he was housed. *Id.* ¶¶ 33–35, 44, 46, 64. Valletta and Aderibole did not accommodate his requests and instead instructed him to sleep on the top bunk because "[t]hat's all that we have." *Id.* ¶¶ 46–49. On or around August 29, 2022, Plaintiff (presumably) suffered a seizure, fell from the five-foot tall top bunk, and broke his hip. *Id.* ¶¶ 50–51, 66–68. Plaintiff required surgery, which permanently interferes with his daily activities, and which could have been avoided if Defendants issued him a mandatory "bottom bunk" or "bottom tier" pass. *Id.* ¶¶ 70, 76–77.

## II. DISCUSSION

Pro se submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citation modified). Liberally construing Plaintiff's complaint,

it most strongly suggests an Eighth Amendment claim for deliberate indifference against Defendants for damages.

### A. Deliberate Indifference Claim

Plaintiff alleges that Defendants acted with deliberate indifference to his medical needs as they failed to provide him with a bottom bunk pass despite his documented history of seizures, medication, and treatment.

Deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To prevail on a deliberate indifference claim, a plaintiff must present evidence of sufficiently harmful acts or omissions by a prison official. *Estelle*, 429 U.S. at 104–06. The prison official must have intended to deny or to unreasonably delay access to necessary medical care, or to wantonly inflict unnecessary pain. *Id.* Deliberate indifference is a high bar because "not every lapse in prison medical care will rise to the level of a constitutional violation; rather, the conduct complained of must shock the conscience or constitute a barbarous act." *Daniels v. Murphy*, No. 3:11-cv-286 (SRU), 2014 WL 3547235, at *8 (D. Conn. July 17, 2014) (citation modified).

A successful claim for deliberate indifference must satisfy objective and subjective elements. The objective component requires Plaintiff to "show that he actually did not receive adequate care and that the inadequacy in medical care was sufficiently serious." *Valdiviezo v. Boyer*, 752 Fed. Appx 29, 32 (2d Cir. 2018) (summary order). The court must "examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Salahuddin v. Goord*, 467 F.3d

263, 280 (2d Cir. 2006). If a plaintiff was completely deprived of medical care, courts "examine whether the inmate's medical condition is sufficiently serious." *Id.* Whether a medical condition is "sufficiently serious" depends on factors that include if "a reasonable doctor or patient would find [it] important and worthy of comment or treatment," if the condition "significantly affects an individual's daily activities," and if the condition causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citation modified). On the other hand, if the plaintiff received inadequate medical treatment, "the seriousness inquiry is narrower," and focuses on "the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Salahuddin*, 467 F.3d at 280 (citation modified).

Under the subjective requirement of the deliberate indifference test, a defendant must have been "actually aware" that their actions or inactions would cause a substantial risk of harm to the plaintiff. *See id.* at 279–80 (citation omitted). "Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Id.* at 280 (citation omitted). Recklessness requires more than mere negligence. *Chance*, 143 F.3d at 703.

In addition, a plaintiff seeking monetary damages from a defendant must allege facts which establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citation modified) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991)). This is true with respect to supervisory officials as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir.

2020) ("To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability.").

Here, Plaintiff alleges that because of his documented seizures, he fell from the top bunk which was five feet tall, causing him to break his hip. At this early stage, Plaintiff sufficiently alleges that he had a sufficiently serious medical condition (a documented history of seizures) and that he sustained a serious injury which warranted medical attention (a broken hip). Accordingly, Plaintiff's complaint satisfies the objective element of the Eighth Amendment analysis.

As for the subjective element, Plaintiff's alleged facts reflect that Valletta and Aderibole were aware of Plaintiff's serious medical condition and failed to take preventative measures by failing to "issu[e]" Plaintiff a "Bottom Bunk" pass. ECF No. 25 ¶¶ 33, 64. For purposes of initial review, these allegations are sufficient to support a claim that these defendants acted with deliberate indifference to Plaintiff's serious medical needs in ensuring he received a bottom bunk bed. *See Harrison v. Sanchez*, No. 96-cv-1465, 2026 WL 936095, at *4 (E.D.N.Y. Apr. 7, 2026) ("Courts in this Circuit have routinely recognized that a seizure disorder . . . is a serious medical condition, and that a denial of care or delay in care for that condition can form the basis for a deliberate indifference claim"). Thus, Plaintiff may proceed with his Eighth Amendment claims for damages against Valletta and Aderibole.

However, as to the remaining defendants, Plaintiff does not allege their personal involvement. He does not allege any specific facts explaining how the Commissioner, NHCC Warden, or Zaidi were involved in ensuring he had a bottom bunk. ECF No. 25 ¶

80 (alleging that said defendants were "aware" of Plaintiff's history of seizures due, in part, to being notified by CVS Pharmacy, who verified Plaintiff's medication); *Silva v. Robleoo*, No. 3:22-cv-29 (MPS), 2023 WL 184240, at *5 (D. Conn. Jan. 13, 2023) ("a plaintiff's conclusory allegations about what a defendant 'should know' about are insufficient to allege personal involvement"). This is not sufficient to allege personal involvement. *Id.* at *6 (dismissing deliberate indifference claims where the plaintiff failed to allege specific facts explaining how defendants were involved or had the requisite mental state). Accordingly, the court must dismiss any Eighth Amendment claim against the Commissioner, NHCC Warden, and Zaidi for lack of personal involvement.

**B. <u>Relief Requested</u>**

Plaintiff sues all defendants in their official and individual capacities, and he seeks damages. ECF No. 25 at 1, 11. To the extent he seeks damages against Defendants in their official capacities, such claims are barred by the Eleventh Amendment. *Quinones v. Quiros*, No. 3:24-cv-1805 (OAW), 2025 WL 1445860, at *2 (D. Conn. May 20, 2025) ("DOC employees may not be sued in their official capacity for money damages in federal court."). Accordingly, Plaintiff may pursue damages against only Valletta and Aderibole in their individual capacities.

**C. <u>Motion to Appoint Counsel</u>**

Plaintiff also has filed a motion to appoint counsel. ECF No. 35. The United States Court of Appeals for the Second Circuit has cautioned district courts against the "routine appointment of counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173–74 (2d Cir. 1989). Thus, in considering whether to appoint pro bono counsel for an indigent litigant, the court must "first determine whether the indigent's position seems likely to be of substance."

*Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); *see also Cooper*, 877 F.2d at 171 ("[C]ounsel is often unwarranted where the [litigant's] chances of success are extremely slim."). If the claims are sufficiently meritorious, the court should then consider other factors bearing on the need for appointment of counsel, including the movant's ability to investigate the factual issues of the case, whether conflicting evidence implicating the need for cross-examination will be the major proof presented, the movant's apparent ability to present the case, and the complexity of the legal issues involved. *See Hodge*, 802 F.2d at 61–62. At this early state of litigation, it is unclear Plaintiff's claims are of sufficient merit to warrant appointment of counsel. Thus, the court **DENIES** Plaintiff's motion, ECF No. 35, **without prejudice** to it being refiled at a later time.

## III. ORDERS

For the reasons stated above, the court hereby orders as follows:

(1) This action may proceed on Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical need against Defendants Valletta and Aberibule in their individual capacities. All other claims are dismissed, and all other defendants are terminated.

(2) Plaintiff may amend the complaint on or before **December 15, 2026. An amended complaint, if filed, will completely replace the complaint, and the court will not consider any allegations made in the original complaint in evaluating any amended complaint.** The court will review any amended complaint to determine whether it may proceed to service of process.

(3) If Plaintiff wishes to proceed only on the claims noted above, he may file a notice on the docket saying so, at which point the case immediately will proceed to service. If nothing is filed on the docket by **December 15, 2026,** the court will presume Plaintiff wishes to proceed only on these claims.

(4) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1 provides that he MUST notify the court. Failure to do so can result in dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write “PLEASE NOTE MY NEW ADDRESS” on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify Defendant or defense counsel of his new address.

(5) Plaintiff shall utilize the Prisoner Electronic Filing Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. Under local court rules, discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on Defendant’s counsel by regular mail.

**IT IS SO ORDERED** at Hartford, Connecticut, this 16th day of October, 2026.

/s/

OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE